UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| ELISA RICHARDSON O/B/O J.B., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE, <br> Commissioner of Social Security, <br><br> Defendant. | Case No. CV 10-01478 (SH) <br><br> MEMORANDUM DECISION <br> AND ORDER |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying plaintiff's application for Supplemental Security Income under Title XVI of the Social Security Act. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings (Defendant's Answer; Memorandum in Support of

Plaintiff's Complaint; Memorandum in Support of Defendant's Answer; Supplemental Brief in Support of Plaintiff's Memorandum; Supplemental Brief in Support of Defendant's Memorandum in Support of Defendant's Answer ["Defendant's Supplemental Brief"]), and the defendant has filed the certified transcript of record. After reviewing the matter, the Court concludes that the decision of the Commissioner should be reversed and remanded.

On April 9, 2008, plaintiff Elisa Richardson on behalf of Joseph Blackburn, born on December 1, 2002, filed an application for Supplemental Security Income, alleging disability since November 8, 2007, due to mild mental retardation. (Administrative Record ["AR"] 81-113). On March 10, 2010, an Administrative Law Judge ("ALJ") determined that the child had the following severe impairments -- disruptive behavior disorder and borderline intellectual functioning -- but was not disabled within the meaning of the Social Security Act. (AR 11-20).

Following the Appeals Council's denial of plaintiff's request for a review of the hearing decision (AR 4-6), plaintiff filed an action in this Court.

Plaintiff makes three challenges to the ALJ's Decision denying benefits. Plaintiff alleges that the ALJ erred in (1) failing to properly consider the consultative examiner's opinion; (2) failing to conclude that plaintiff's impairments or combination of impairments met or equaled Listing 112.05D; and (3) failing to properly consider the reports of the speech language pathologist and the school psychologist.

For the reasons discussed below, the Court finds that the case should be reversed and remanded.[1]

---

[1] Since the case is being remanded based on the ALJ's failure to specify which Listing of Impairment was considered at the time of the March 10, 2010 Decision, the Court will not address the merits of plaintiff's claims.

## **DISCUSSION**

In the second claim, plaintiff asserts that the ALJ failed to conclude that the child's impairments or combination of impairments met or equaled Listing 112.05D.[2] Defendant argues that the ALJ properly assessed that the child's impairments or combination of impairments did not meet or equal that Listing.

Contrary to defendant's assertion (see Defendant's Supplemental Brief at 2-5), it is not reasonably apparent that the ALJ considered Listing 112.05. (See Administrative Record 20). Indeed, the ALJ did not cite any specific Listings. Therefore, the ALJ erred in failing to determine whether plaintiff's severe impairments, either singly or in combination, met or equaled Listing 112.05D. See 20 C.F.R. §§ 404.1520(d), 404.1525(d), 404.1526(a), 404.1526(b), 416.920(d), 416.925(d), 415.926(a), 416.926(b); Bowen v. Yuckert, 482 U.S. 137, 141-42, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987); Young v. Sullivan, 911 F.2d 180, 181 (9th Cir. 1990); Marcia v. Sullivan, 900 F.2d 172, 174 (9th Cir. 1990); Barker v. Secretary of Health & Human Servs., 882 F.2d 1474, 1477 (9th Cir. 1989).

---

[2] Listing 112.05 states that mental retardation is "[c]haracterized by significantly subaverage general intellectual functioning with deficits in adaptive functioning." See 20 C.F.R. § 404, Subpart P, Appendix 1, Listing of Impairments ("Listing") 112.05. The Listing is satisfied if there is "a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant limitation of functioning." Listing 112.05D.
Plaintiff's IQ scores appear to satisfy the first portion of Listing 112.05D. (See AR 150 [Dr. Goldman reported that, based on the Wechsler Preschool and Primary Scale of Intelligence-Third Edition, the child had a verbal IQ of 64 (extremely low), a performance IQ of 70 (borderline), and a full IQ of 63 (extremely low)]).

3

**ORDER**

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings in accordance with the decision, pursuant to Sentence 4 of 42 U.S.C. § 405(g).

DATED: June 9, 2011

/s/ Stephen J. Hillman

STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE